IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PAID SEARCH ENGINE TOOLS, LLC, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. **2-08CV-061** |
| vs. | § § | |
| GOOGLE, INC and MICROSOFT CORPORATION, | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

### COMPLAINT AND DEMAND FOR PATENT INFRINGEMENT

Plaintiff Paid Search Engine Tools, LLC ("PSET"), complains against the Defendants Google, Inc. ("Google") and Microsoft Corporation ("Microsoft") as follows:

### NATURE OF THE ACTION

1.  This is an action for patent infringement and arises under the Patent Laws of the United States, Title 35, United States Code.

### THE PARTIES

2.  PSET is an Ohio corporation having a place of business at 6426 Hughes Ridge Lane, Liberty Township, Ohio 45011.

3.  On information and belief, Google is a corporation existing under the laws of Delaware with its principal place of business at 1600 Amphitheater Parkway, Mountain View California 94043. Google is qualified to do business in the State of Texas, Filing No.

1

800735694, and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701, as its agent for service of process

4. On information and belief, Microsoft is a corporation existing under the laws of Washington with its principal place of business at One Microsoft Way, Redmond, Washington 98052. Microsoft is qualified to do business in the State of Texas, Filing No 10404606, and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701, as its agent for service of process.

## JURISDICTION AND VENUE

5. This is an action for patent infringement and arises under the Patent Laws of the United States, Title 35, United States Code. Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Both Google and Microsoft do substantial, continuous and systematic business in the State of Texas, including the Eastern District of Texas and within the jurisdiction of the Marshall Division of the United States District Court for the Eastern District of Texas, have purposefully directed activities to residents of the State of Texas and have committed acts of infringement in this District. Accordingly, this Court has personal jurisdiction over both Google and Microsoft.

7 Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c), and 1400(b).

## BACKGROUND FACTS

8. On May 9, 2006, the United States Patent and Trademark Office issued United States Letters Patent No. 7,043,450, entitled "Paid Search Engine Bid Management" ("the '450 patent"). A true and correct copy of the '450 patent is attached hereto as Exhibit 1.

9. PSET holds all right, title and interest in and to the '450 patent with full rights to pursue recovery of royalties or damages for infringement of the '450 patent, including full rights to recover past and future damages.

## Count I - Infringement of U.S. Letters Patent No. 7,043,450

10. The allegations of paragraphs 1-9 are incorporated herein by reference as though fully set forth herein.

11. Google has infringed, contributed to the infringement of and induced others to infringe the '450 patent and, unless enjoined, will continue to do so by making, using, selling or offering for sale products and services utilizing Google's AdWords product that employ the method(s) claimed by the '450 patent and contributing to or inducing others to employ the method(s) claimed by the '450 patent without license or permission from PSET. Google is liable for its infringement of the '450 patent pursuant to 35 U.S.C. §271.

12. As a result of Google's actions, PSET has suffered and continues to suffer substantial injury, including irreparable injury, and will result in damages to PSET, including loss of sales and profits, which PSET would have made but for the acts infringement by Google, unless Google is permanently enjoined from infringing the '450 patent.

13. Microsoft has infringed, contributed to the infringement of and induced others to infringe the '450 patent and, unless enjoined, will continue to do so by making, using, selling or

offering for sale products and services utilizing Microsoft's AdCenter product that employ the method(s) claimed by the '450 patent and contributing to or inducing others to employ the method(s) claimed by the '450 patent without license or permission from PSET. Microsoft is liable for its infringement of the '450 patent pursuant to 35 U.S.C. §271.

14.   As a result of Microsoft's actions, PSET has suffered and continues to suffer substantial injury, including irreparable injury, and will result in damages to PSET, including loss of sales and profits, which PSET would have made but for the acts infringement by Microsoft, unless Microsoft is permanently enjoined from infringing the '450 patent.

WHEREFORE, Plaintiff prays for relief against Google and Microsoft as follows:

A.   That a judgment be entered that Google and Microsoft each has infringed United States Letters Patent No. 7,043,450;

B.   That Google and Microsoft, and their respective agents, sales representatives, servants and employees, associates, attorneys, parents, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with either of them, be enjoined and restrained permanently from infringing United States Letters Patent No. 7,043,450;

C.   That a judgment be entered that Google and Microsoft each be required to pay over to PSET all damages sustained by PSET due to such acts of infringement;

D.   That this case be adjudged and decreed exceptional under 35 U.S.C. § 285 entitling PSET to an award of its reasonable attorney fees and that such reasonable attorney fees be awarded;

E.   That PSET be awarded its costs and prejudgment interest on all damages;

F.     That Google and Microsoft each be required to file with the Court within thirty (30) days after entry of the final judgment of this case a written statement under oath setting forth in detail the manner in which Google and Microsoft each has complied with the judgment; and,

G.     That PSET be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands and requests trial by jury of all issues raised that are triable by jury.

Dated: February 12, 2008

Respectfully submitted,

By: *[signature]*
S. Calvin Capshaw
State Bar No. 03783900
Email: ccapshaw@mailbmc.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email: ederieux@mailbmc.com
Brown McCarroll, L.L.P.
1127 Judson Road, Suite 220
Longview, TX 75601
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

OF COUNSEL:
J. Robert Chambers, Esq.
E-mail: bchambers@whepatent.com
P. Andrew Blatt, Esq
E-mail: dblatt@whepatent.com
John Paul Davis, Esq.
E-mail: jdavis@whepatent.com
Brett A. Schatz, Esq.
E-mail: bschatz@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202-2917
Telephone: (513) 241-2324
Facsimile: (513) 241-5960

Gregory M. Utter, Esq.
E-mail: gutter@kmklaw.com
W. Jeffrey Sefton, Esq.
E-mail: jsefton@kmklaw.com
KEATING, MUETHING & KLEKAMP, PLL
One East Fourth Street
Suite 1400
Cincinnati, OH 45202
Telephone: (513) 579-6400
Facsimile: (513) 579-6457

                                   ATTORNEYS FOR PLAINTIFF,
                                   PAID SEARCH ENGINE TOOLS, LLC