# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **PAID SEARCH ENGINE TOOLS, LLC**, | CIVIL ACTION NO. 2:08-cv-061 |
| *Plaintiff*, | JURY TRIAL DEMANDED |
| v. | |
| **GOOGLE, INC.** and **MICROSOFT CORP.**, | |
| *Defendants*. | |
| **MICROSOFT CORPORATION**, | |
| *Counterclaim-Plaintiff*, | |
| v. | |
| **PAID SEARCH ENGINE TOOLS, LLC**, | |
| *Counterclaim-Defendant*. | |

### DEFENDANT MICROSOFT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

For its answer to the complaint filed by Paid Search Engine Tools, LLC, ("PSET") [Docket No. 1], Defendant Microsoft Corporation ("Microsoft") answers as follows, with each paragraph of the answer below responding to the corresponding numbered paragraph of the complaint:

### I. NATURE OF THE ACTION

1. Microsoft admits that plaintiff has brought an action for patent infringement, and that such actions arise under the Patent Laws of the United States, Title 35, United States Code. However, Microsoft denies committing any patent infringement or other tortious or unlawful act.

## II.  THE PARTIES

2. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

3. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.

4. For purposed on this action only, admitted.

## III.  JURISDICTION AND VENUE

5. Microsoft admits that PSET's complaint purports to state a cause of action under the Patent Act, Title 35, United States Code.  Microsoft admits this Court has subject matter jurisdiction over such a cause of action under 28 U.S.C. § 1338(a), but Microsoft denies committing any infringement or other tortious or unlawful act.

6. Microsoft admits, for purposes of this action only, that it transacts some business in this district, but denies that this business is relevant to, or infringes the '151 patent, either directly or indirectly.  Microsoft further states that even if venue is proper in this district, it is inconvenient.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.  Except as so admitted, Microsoft denies each and every allegation of this paragraph.

7. Microsoft admits, for purposes of this action only, that it transacts some business in this district, but denies that this business is relevant to, or infringes, the '151 patent, either directly or indirectly.  Microsoft denies that venue is proper in this district and further states that even if venue is proper, it is inconvenient.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.  Except as so admitted, Microsoft denies each and every allegation of this paragraph.

## IV.  BACKGROUND FACTS

8. Microsoft admits that plaintiff has attached what plaintiff purports to be a true and correct copy of United States Letters Patent No. 7,043,450, entitled "Paid Search Engine Bid Management" (the "'450 patent"), said attachment bearing an issuance date of May 9, 2006.

9. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

## COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. LETTERS PATENT NO. 7,043,450

10. Microsoft incorporates by reference paragraphs 1–9 above.

11. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

12. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

13. Microsoft denies the allegations in this paragraph.

14. Microsoft denies the allegations in this paragraph.

15. Microsoft denies all allegations not expressly admitted above.

## PRAYER FOR RELIEF

Microsoft denies that Paid Search Engine Tools is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

## JURY DEMAND

Microsoft acknowledges and joins PSET's request for a trial by jury on all issues so triable in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Microsoft is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid claim of the '450 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

### FOURTH AFFIRMATIVE DEFENSE

On information and belief, each and every claim of the '450 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101–103, 111–113, 133.

### FIFTH AFFIRMATIVE DEFENSE

On information and belief, the claims for relief are barred by license, estoppel and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

The claims for relief are barred in whole or in part by the failure to give adequate notice of the patent and/or alleged infringement to Microsoft.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that the alleged invention has been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

4

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's demand to enjoin Microsoft is barred, as the Plaintiff has suffered neither harm nor irreparable harm from Microsoft's actions.

### NINTH AFFIRMATIVE DEFENSE

Microsoft reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### COUNTERCLAIMS

### NATURE OF THIS ACTION

1. Microsoft Corporation brings this compulsory counterclaim under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, to obtain a declaratory judgment that each and every claim of U.S. Patent No. 7,043,450 is neither valid nor infringed.

### PARTIES

2. Counterclaim-Plaintiff Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business in Redmond, Washington.

3. On information and belief, Counterclaim-Defendant Paid Search Engine Tools, LLC ("PSET") is a Ohio corporation with its principal place of business in Liberty Township, Ohio.

### JURISDICTION AND VENUE

4. This counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. This Court has subject-matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5. Paid Search Engine Tools has consented to personal jurisdiction for this action in this district by filing the complaint in this action in this Court [Docket No. 1].

6. To the extent that venue over PSET's claims is found to be proper, venue is proper in this district for this counterclaim pursuant to 28 U.S.C. § 1391(b)–(c).

## FACTUAL BACKGROUND

7. PSET has alleged that it is the owner of U.S. Patent No. 7,043,450, entitled "Paid Search Engine Bid Management" ("the '450 patent").

8. PSET has expressly charged Microsoft with infringement of the '450 patent by filing a complaint against Microsoft in this Court [Docket No. 1]. Microsoft has denied these allegations. Thus, for at least this reason, there exists an actual controversy between PSET and Microsoft regarding the '450 patent.

## COUNT I

### Declaratory Judgment of Noninfringement of U.S. Patent No. 7,043,450

9. Microsoft repeats and incorporates by reference all of the allegations set forth in paragraphs 1–8 of this Counterclaim.

10. Microsoft has not been and is not now infringing any claim of the '450 patent, either directly or indirectly.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,043,450

11. Microsoft repeats and incorporates by reference all of the allegations set forth in paragraphs 1–10 of this Counterclaim.

12. Each and every claim of the '450 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101–103, 111–113, 133.

## DEMAND FOR JURY TRIAL

Microsoft demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft prays for judgment in its favor and against PSET as follows:

    A.    Dismissing with prejudice PSET's claims against Microsoft;

    B.    Declaring that Microsoft has not been and is not now infringing any claim of the '450 patent, either directly or indirectly;

    C.    Declaring that each and every claim of the '450 patent is invalid;

    D.    Denying PSET's request for damages, costs, attorneys' fees, interest, and injunctive relief;

    E.    Declaring this an "exceptional case" under 35 U.S.C. § 285 and awarding Microsoft its expenses, costs, and attorneys' fees; and

    F.    Granting Microsoft other and further equitable or legal relief as the Court deems just and proper.

Dated: April 28, 2008

Respectfully submitted,

/s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
**RAMEY & FLOCK, P.C.**
100 E. Ferguson
Suite 500
Tyler, TX 75702
903/597-3301
903/597-2413 FAX
ericf@rameyflock.com

OF COUNSEL:

Richard A. Cederoth
**SIDLEY AUSTIN LLP**
1 South Dearborn Street
Chicago, Illinois 60603
tel. 312-853-7000
fax 312-853-7036
rcederoth@sidley.com

**COUNSEL FOR MICROSOFT CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2008, I electronically filed the foregoing Defendant Microsoft's Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ Eric H. Findlay
Eric H. Findlay