# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# MARSHALL DIVISION

| | |
|---|---|
| **PAID SEARCH ENGINE TOOLS, LLC,** | ) <br> ) CIVIL ACTION NO. 2:08-cv-061 <br> ) |
| *Plaintiff,* | ) **JURY TRIAL DEMANDED** <br> ) |
| v. | ) <br> ) |
| **GOOGLE, INC., AND MICROSOFT CORP.,** | ) <br> ) <br> ) |
| *Defendants.* | ) <br> ) <br> ) <br> ) |

## DEFENDANT GOOGLE INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant and counterclaimant Google Inc. ("Google") by and through the undersigned counsel, answers the Complaint for Patent Infringement ("Complaint") of plaintiff and counterdefendant Paid Search, Inc. ("PSET"), as follows:

### I. NATURE OF THE ACTION

1. Google admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, but denies any wrongdoing or liability

### II. THE PARTIES

2. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint and therefore denies them.

3. Admitted.

4. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and therefore denies them.

## III. JURISDICTION AND VENUE

5. Google admits that PSET's complaint purports to state a cause of action under the Patent Act, Title 35, United States Code. Google denies liability, but admits that this Court has subject matter jurisdiction over PSET's action as pled in paragraph 5 of the Complaint. Google denies any remaining allegations in paragraph 5.

6. Google does not contest personal jurisdiction in this District solely for the purpose of this action. Google denies that it has committed acts of infringement within the Eastern District of Texas, or any other District. Google denies any remaining allegations in paragraph 6.

7. In response to paragraph 7 of the Complaint and solely for the purpose of this action, Google does not contest venue in this District. However, the interests and convenience of the parties would be better served by transferring this case to a different district. Google denies that it has committed acts of infringement within the Eastern District of Texas, or any other District. Google denies any remaining allegations in paragraph 7.

## IV. BACKGROUND FACTS

8. Google admits that PSET has attached what PSET purports to be a true and correct copy of United States Letters Patent No. 7,043,450, entitled "Paid Search Engine Bid Management" (the "'450 patent"), said attachment bearing an issuance date of May 9, 2006, but denies the issuance was proper and any remaining allegations in paragraph 8.

9. Google lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

## COUNT 1

## [ALLEGED] INFRINGEMENT OF U.S. LETTERS PATENT NO. 7,043,450

10. As to paragraph 10 of the Complaint, Google reasserts and incorporates its responses to paragraphs 1 through 9 of the Complaint.

11. Google denies the allegations in this paragraph.

12. Google denies the allegations in this paragraph.

13. Google lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

14. Google lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

## PRAYER FOR RELIEF

15. Google denies that Paid Search Engine Tools is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

## JURY DEMAND

16. Google acknowledges and joins PSET's request for a trial by jury on all issues so triable in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: Non-Infringement of the '450 Patent

17. Google has not infringed and is not infringing any valid and enforceable claim of the '450 patent.

### SECOND AFFIRMATIVE DEFENSE: Invalidity and/or Enforceability of the '450 Patent

18. The claims of the '450 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE: Prosecution History Estoppel/Disclaimer

19. The claims of the '450 patent are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during

prosecution of the application which resulted in the '450 patent, that none of the claims of the patent are infringed by Google.

### FOURTH AFFIRMATIVE DEFENSE:  Lack of Notice

20. On information and belief, prior to the filing of the Complaint against Google, PSET failed to properly mark its products covered by the '450 patent and/or products or services of its licensees covered by the '450 patent and/or did not otherwise provide Google with notification of any alleged infringement of the '450 patent. Under 35 U.S.C. § 287(a), PSET is barred from recovering damages for any alleged infringement of the '450 patent by Google prior to the filing of the Complaint. Similarly, PSET is not entitled to an award of enhanced damages under 35 U.S.C. § 285.

### FIFTH DEFENSE:   Inequitable Conduct

21. PSET's allegation of infringement of the '450 patent is barred because the '450 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

22. On information and belief, the '450 applicants deliberately excluded John Keel as a named inventor with the intent to deceive the Patent Office. On July 5, 2000, the '450 applicants filed U.S. Patent App. No. 60/215,976, to which the '450 patent claims priority, listing Mr. Keel as the first inventor on that application. On December 20, 2002, the '450 applicants filed the '450 patent application and claimed priority by way of continuation to the provisional patent application. The Summary of Invention disclosed in the '450 patent application and the claims included with the '450 patent application are identical to the Summary of Invention and claims included with the provisional patent application. However, the '450 applicants excluded Mr. Keel from being named as an inventor on the '450 patent. On information and belief, Mr. Keel made a significant contribution to the purported inventions claimed in the '450 patent. Specifically, on information and belief, named inventor Juan Velez took subject matter taught by Mr. Keel and, with named inventor Daren Murrer, wrote a software program implementing Mr.

Keel's teachings. On information and belief, the ideas conceived of by Mr. Keel are included in the claims of the '450 patent.

23. In addition, on information and belief, prior to issuance of the '450 patent, the '450 applicants were aware of information material to the patentability of the claims of the '450 patent, but withheld that information from the Patent Office with the intent to deceive the Patent Office. The withheld information includes but is not limited to university course materials, specifically course materials prepared by Mr. Keel concerning keyword bid optimization, documents relating to "Instant Web Site Traffic," specifically those describing Mr. Keel's keyword management on behalf of his clients.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Google Inc. ("Google") , for its Counterclaims against Plaintiff Paid Search, Inc. ("PSET"), alleges as follows:

## PARTIES

1. On information and belief, Counterclaim-Defendant Paid Search Engine Tools, LLC ("PSET") is an Ohio corporation with its principal place of business in Liberty Township, Ohio.

2. Google is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA, 94043.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## COUNTERCLAIMS

5. PSET has alleged that it is the owner of U.S. Patent No. 7,043,450, entitled "Paid Search Engine Bid Management" ("the '450 patent").

6. The '450 patent was issued, albeit improperly, by the United States Patent and Trademark Office on May 6, 2006.

7. PSET has alleged that certain acts by Google infringe the '450 patent.

8. An actual controversy exists between Google and PSET regarding the unenforceability, validity, and infringement of any valid and enforceable claim of the '450 patent.

### FIRST CAUSE OF ACTION: Declaratory Judgment of Non-Infringement

9. Google incorporates the allegations in paragraphs 1 through 23 of the answer and defenses herein and paragraphs 1 through 8 of these counterclaims as if fully set forth herein.

10. Google has not infringed and is not infringing any valid and enforceable claim of the '450 patent.

### SECOND CAUSE OF ACTION: Declaratory Judgment of Invalidity and/or Unenforceability

11. Google incorporates the allegations in paragraphs 1 through 23 of the answer and defenses herein and paragraphs 1 through 10 of these counterclaims as if fully set forth herein.

12. The '450 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD CAUSE OF ACTION: Declaration of Unenforceability Due to Inequitable Conduct

13. Google realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 of the answer and defenses herein and paragraphs 1 through 12 of these counterclaims as though fully set forth herein.

14. Google is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the '450 patent is unenforceable.

## EXCEPTIONAL CASE

15. On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, PSET's assertion of the '450 patent against Google with the knowledge that Google does not infringe any valid or enforceable claim of the '450 patent and/or that the '450 patent is invalid and/or unenforceable.

## RELIEF REQUESTED

WHEREFORE, Google respectfully requests the following relief:

1. A judgment in favor of Google denying PSET all relief requested in this action and dismissing PSET's Complaint for patent infringement with prejudice;

2. A judgment declaring that each claim of the '450 patent is invalid and/or unenforceable;

3. A judgment declaring that Google has not infringed and is not infringing any valid and/or enforceable claim of the '450 patent, and that Google has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '450 patent;

4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Google its costs, expenses, and reasonable attorneys' fees;

5. That the Court award Google such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/ Nicholas H. Patton*
Nicholas H. Patton
SBN: 15631000
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
P. O. Box 5398
Texarkana, Texas 7550505398
(903) 792-7080
(903) 792-8233 (fax)

Of counsel:

Charles K. Verhoeven,
charlesverhoeven@quinnemanuel.com
David A. Perlson,
davidperlson@quinnemanuel.com
Antonio R. Sistos,
antoniosistos@quinnemanuel.com
Emily C. O'Brien,
emilyobrien@quinnemanuel.com

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 17th day of July, 2008.

*/s/ Nicholas H. Patton*
Nicholas H. Patton