IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PAID SEARCH ENGINE TOOLS, LLC § | |
| § | |
| V. § | No. 2:08-cv-61 (DF-CE) |
| § | |
| GOOGLE, INC. And MICROSOFT § | |
| CORPORATION § | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under FED. R. CIV. P. 16, it is ordered as follows:

**Discovery Limitations:** Discovery is limited in this case to the disclosures provided for in the Docket Control Order together with the following additions to the General Discovery Order:

A. <u>Interrogatories</u>: Plaintiff may serve up to 20 common interrogatories as to all Defendants, and an additional 10 interrogatories separately on each Defendant. Defendants may collectively serve up to 20 common interrogatories on Plaintiff, and each Defendant may serve separately up to 10 additional interrogatories on Plaintiff.

B. <u>Requests for Admission</u>: Plaintiff may serve up to 50 common requests for admission as to all Defendants, and an additional 30 requests for admission separately on each Defendant. Defendants may collectively serve up to 50 common requests for admission on Plaintiff, and each Defendant may serve separately up to 30 additional requests for admission on Plaintiff. There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

C. <u>Depositions of Experts</u>: Plaintiff shall be entitled to a total of three expert witnesses on issues for which Plaintiff has the burden of proof. Each Defendant shall be entitled to a total of two expert witnesses individually, and the defendants shall collectively share up to a total of two group experts on issues for which Defendants have the burden of proof. Depositions of Defendant's expert witnesses shall be limited to 7 hours per witness per report. Depositions of Plaintiff's experts also shall be limited to 7 hours per witness per report, unless an expert's report addresses issues relating to both defendants. If so, such expert's deposition shall be limited to 14 hours. The parties reserve the right to revisit the issue of the number and length of expert depositions as discovery progresses.

D. <u>Expert Discovery</u>: Document discovery concerning testifying experts shall be limited to the final versions of their expert reports, materials relied upon, and their invoices for work performed. Testifying experts' draft reports, notes, and communications with counsel will not be subject to discovery, except to the extent relied upon by the expert in the final version of his or her report(s). The foregoing does not otherwise restrict discovery by oral deposition, and does not obligate any party to retain draft reports.

E. <u>Document Subpoenas on Third-Parties</u>: The parties may serve as many document subpoenas on third-parties, and as many depositions on written questions of custodians of business records of third-parties, as needed. However, oral depositions of third-parties are included in the calculation of the 100-hour limit set forth above in paragraph 2 of the General Discovery Order.

F. <u>Electronically Stored Information</u>: The parties have discussed the electronic production of electronically-stored and hard copy information. The parties have agreed to further meet and confer regarding the format of document production in advance thereof, including the format for the production of electronically-stored information, to the extant that any may be produced.

G. <u>Privilege Log</u>: The parties agree that only documents created prior to February 12, 2008 need be identified on the privilege log.

SIGNED this 12th day of December, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE