# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **PAID SEARCH ENGINE TOOLS, LLC**, | CIVIL ACTION NO. 2-08cv-061 |
| *Plaintiff*, | JURY TRIAL DEMANDED |
| v. | |
| **GOOGLE, INC.** and **MICROSOFT CORP.**, | |
| *Defendants*. | |
| **MICROSOFT CORPORATION**, | |
| *Counterclaim-Plaintiff*, | |
| v. | |
| **PAID SEARCH ENGINE TOOLS, LLC**, | |
| *Counterclaim-Defendant*. | |

## DEFENDANT MICROSOFT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

For its amended answer to the complaint filed by Paid Search Engine Tools, LLC, ("PSET") [Docket No. 1], Defendant Microsoft Corporation ("Microsoft") answers as follows, with each paragraph of the answer below responding to the corresponding numbered paragraph of the complaint:

### I.  NATURE OF THE ACTION

1.      Microsoft admits that plaintiff has brought an action for patent infringement, and that such actions arise under the Patent Laws of the United States, Title 35, United States Code.  However, Microsoft denies committing any patent infringement or other tortious or unlawful act.

## II. THE PARTIES

2. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

3. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning the other defendant, and on that basis denies such allegations.

4. For purposes of this action only, admitted.

## III. JURISDICTION AND VENUE

5. Microsoft admits that PSET's complaint purports to state a cause of action under the Patent Act, Title 35, United States Code. Microsoft admits this Court has subject matter jurisdiction over such a cause of action under 28 U.S.C. § 1338(a), but Microsoft denies committing any infringement or other tortious or unlawful act.

6. Microsoft admits, for purposes of this action only, that it transacts some business in this district, but denies that this business is relevant to, or infringes the '450 patent, either directly or indirectly. Microsoft further states that even if venue is proper in this district, it is inconvenient. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning the other defendant, and on that basis denies such allegations. Except as so admitted, Microsoft denies each and every allegation of this paragraph.

7. Microsoft admits, for purposes of this action only, that it transacts some business in this district, but denies that this business is relevant to, or infringes, the '450 patent, either directly or indirectly. Microsoft denies that venue is proper in this district and further states that even if venue is proper, it is inconvenient. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning the other defendant, and on that basis denies such allegations. Except as so admitted, Microsoft denies each and every allegation of this paragraph.

## IV.  BACKGROUND FACTS

8. Microsoft admits that plaintiff has attached what plaintiff purports to be a true and correct copy of United States Letters Patent No. 7,043,450, entitled "Paid Search Engine Bid Management" (the "'450 patent"), said attachment bearing an issuance date of May 9, 2006.

9. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

## COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. LETTERS PATENT NO. 7,043,450

10. Microsoft incorporates by reference paragraphs 1–9 above.

11. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

12. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

13. Microsoft denies the allegations in this paragraph.

14. Microsoft denies the allegations in this paragraph.

15. Microsoft denies all allegations not expressly admitted above.

## PRAYER FOR RELIEF

16. Microsoft denies that Paid Search Engine Tools is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

## JURY DEMAND

17. Microsoft acknowledges and joins PSET's request for a trial by jury on all issues so triable in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

18. Microsoft is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid claim of the '450 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

19. The complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

20. On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

### FOURTH AFFIRMATIVE DEFENSE

21. On information and belief, each and every claim of the '450 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101–103, 111–113, 133.

### FIFTH AFFIRMATIVE DEFENSE

22. On information and belief, the claims for relief are barred by license, estoppel and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

23. The claims for relief are barred in whole or in part by the failure to give adequate notice of the patent and/or alleged infringement to Microsoft.

### SEVENTH AFFIRMATIVE DEFENSE

24. To the extent that the alleged invention has been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

## EIGHTH AFFIRMATIVE DEFENSE

25. Plaintiff's demand to enjoin Microsoft is barred, as the Plaintiff has suffered neither harm nor irreparable harm from Microsoft's actions. Plaintiff also cannot meet the other requirements for injunctive relief.

## NINTH AFFIRMATIVE DEFENSE

26. PSET's allegation of infringement of the '450 patent is barred because the '450 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

27. On information and belief, the '450 applicants deliberately excluded Jon Keel as a named inventor with the intent to deceive the Patent Office. "As a crucial requirement for obtaining a patent, inventorship is material." *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1321 (Fed. Cir. 2000). On July 5, 2000, the '450 applicants filed U.S. Patent App. No. 60/215,976, to which the '450 patent claims priority, listing Mr. Keel as the first inventor on that application. On December 20, 2002, the '450 applicants filed the '450 patent application and claimed priority by way of continuation to the provisional patent application. However, the '450 applicants excluded Mr. Keel from being named as an inventor on the '450 patent. On information and belief, Mr. Keel made a significant contribution to the purported inventions claimed in the '450 patent. Specifically, on information and belief, named inventor Juan Velez took subject matter taught by Mr. Keel and, with named inventor Daren Murrer, wrote a software program implementing Mr. Keel's teachings. On information and belief, the contributions of Mr. Keel are included in the claims of the '450 patent.

28. In addition, on information and belief, prior to issuance of the '450 patent, the '450 applicants were aware of information material to the patentability of the claims of the '450 patent, but withheld that information from the Patent Office with the intent to deceive the Patent Office. The withheld information includes but is not limited to university course materials, specifically course materials prepared by Mr. Keel concerning keyword bid

optimization, and documents relating to "Instant Web Site Traffic," specifically those describing Mr. Keel's keyword management on behalf of his clients.

## TENTH AFFIRMATIVE DEFENSE

29. Microsoft reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

## NATURE OF THIS ACTION

1. Microsoft Corporation brings this compulsory counterclaim under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, to obtain a declaratory judgment that each and every claim of U.S. Patent No. 7,043,450 (the '450 patent) is neither valid nor infringed. Microsoft also seeks a declaration that the '450 patent is unenforceable.

## PARTIES

2. Counterclaim-Plaintiff Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business in Redmond, Washington.

3. On information and belief, Counterclaim-Defendant Paid Search Engine Tools, LLC ("PSET") is a Ohio corporation with its principal place of business in Liberty Township, Ohio.

## JURISDICTION AND VENUE

4. This counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. This Court has subject-matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5. Paid Search Engine Tools has consented to personal jurisdiction for this action in this district by filing the complaint in this action in this Court [Docket No. 1].

6. To the extent that venue over PSET's claims is found to be proper, venue is proper in this district for this counterclaim pursuant to 28 U.S.C. § 1391(b)–(c).

## FACTUAL BACKGROUND

7. PSET has alleged that it is the owner of U.S. Patent No. 7,043,450, entitled "Paid Search Engine Bid Management" ("the '450 patent").

8. PSET has expressly charged Microsoft with infringement of the '450 patent by filing a complaint against Microsoft in this Court [Docket No. 1]. Microsoft has denied these allegations. Thus, for at least this reason, there exists an actual controversy between PSET and Microsoft regarding the '450 patent.

## COUNT I

### Declaratory Judgment of Noninfringement of U.S. Patent No. 7,043,450

9. Microsoft repeats and incorporates by reference all of the allegations set forth in paragraphs 1–8.

10. Microsoft has not been and is not now infringing any claim of the '450 patent, either directly or indirectly.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,043,450

11. Microsoft repeats and incorporates by reference all of the allegations set forth in paragraphs 1–10.

12. Each and every claim of the '450 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101–103, 111–113, 133.

## COUNT III

### Declaratory Judgment of Unenforcability of U.S. Patent No. 7,043,450

13. Microsoft repeats and incorporates by reference all of the allegations set forth in paragraphs 1–12.

14. Each and every claim of the '450 patent is unenforceable for the reasons given in the Ninth Affirmative defense above, which is hereby incorporated herein.

## DEMAND FOR JURY TRIAL

Microsoft demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft prays for judgment in its favor and against PSET as follows:

A. Dismissing with prejudice PSET's claims against Microsoft;

B. Declaring that Microsoft has not been and is not now infringing any claim of the '450 patent, either directly or indirectly;

C. Declaring that each and every claim of the '450 patent is invalid;

D. Declaring that each and every claim of the '450 patent is unenforceable;

E. Denying PSET's request for damages, costs, attorneys' fees, interest, and injunctive relief;

F. Declaring this an "exceptional case" under 35 U.S.C. § 285 and awarding Microsoft its expenses, costs, and attorneys' fees; and

G. Granting Microsoft other and further equitable or legal relief as the Court deems just and proper.

Dated: December 17, 2008

Respectfully submitted,

By: /s/ Laura L. Kolb

David T. Pritikin
Richard A. Cederoth
Laura L. Kolb
Sidley Austin LLP
1 South Dearborn Street
Chicago, Illinois 60603
Tel. (312) 853-7000
Fax (312) 853-7036
Email: dpritikin@sidley.com
      rcederoth@sidley.com
      lkolb@sidley.com

>Eric H. Findlay
>Brian Craft
>Ramey & Flock PC
>100 E. Ferguson, Suite 500
>Tyler, TX 75702-0629
>Tel. (903) 510-5213
>Fax (903) 597-2413
>E-mail: efindlay@rameyflock.com
>           bcraft@rameyflock.com

*Attorneys for Defendant Microsoft Corp.*

## CERTIFICATE OF SERVICE

I, Laura Kolb, hereby certify that on December 17, 2008, this document is being served via the Court's Electronic Filing System pursuant to Local Rule CV-5(a)(3).

>/s/ Laura L. Kolb