IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PAID SEARCH ENGINE TOOLS, LLC, | § § | |
| Plaintiff, | § § | Civil Action No: 2:07-cv-403 (TJW) |
| vs. | § § § | |
| YAHOO! INC., | § § | Jury Demanded. |
| Defendant. | § | |
| PAID SEARCH ENGINE TOOLS, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 2:08-cv-061 (DF/CE) |
| vs. | § § § | |
| GOOGLE, INC. and MICROSOFT CORPORATION, | § § § | Jury Demanded. |
| Defendants. | § § | |

**PLAINTIFF PAID SEARCH ENGINE
TOOLS, LLC'S MOTION TO CONSOLIDATE**

Plaintiff Paid Search Engine Tools, LLC ("PSET") files this Motion to Consolidate pursuant to Fed. R. Civ. P. 42(a). Plaintiff requests that the Court consolidate the instant action, *Paid Search Engine Tools, LLC v. Yahoo, Inc.*, C.A. 2:07-cv-403 (TJW) ("*PSET v. Yahoo*"), with *Paid Search Engine Tools, LLC v. Google, Inc. and Microsoft Corporation*, C.A. 2:08-cv-061 (DF/CE) ("*PSET v. Google and Microsoft*"), currently pending before Judge Folsom and Magistrate Judge Everingham of this Court. Both actions involve the same Plaintiff and the same patent.

The parties are in the initial stages of discovery in the *PSET v. Yahoo* matter, including exchange of initial and additional disclosures, exchange of written discovery and exchange of documents and are presently following the deadlines set forth in the Docket Control Order (Dkt. 30)

and Discovery Order (Dkt. 29) entered by Judge Ward. See Exhibit 1. Likewise, the parties are in the initial stages of discovery in the *PSET v. Google and Microsoft* matter, including the exchange of initial disclosures, exchange of written discovery and exchange of documents and are presently following the deadlines set forth in the Docket Control Order (Dkt. 51) and Discovery Order (Dkt. 50) entered by Magistrate Judge Everingham. See Exhibit 2.

PSET understands that Judge Ward recuses himself from cases where Microsoft is a party thereby preventing transfer of the *PSET v. Google and Microsoft* case to Judge Ward, even though it is the second-filed case. Therefore, PSET moves that the cases be consolidated before Judge Folsom and follow the Docket Control Order (Dkt. 51) and the Discovery Order (Dkt. 50) adopted by Magistrate Judge Everingham for the *PSET v. Google and Microsoft* case.

## FACTS

On September 13, 2007, Paid Search Engine Tools, LLC filed the instant patent infringement action against Yahoo! Inc. ("Yahoo") in the United States District Court for the Eastern District of Texas, Marshall Division entitled *Paid Search Engine Tools, LLC v. Yahoo, Inc.*, C.A. 2:07-cv-403 (TJW). The case was assigned to Judge Ward. In *PSET v. Yahoo*, PSET asserts the following causes of action against Yahoo: (1) infringement of U.S. Patent No. 7,043,450 ("'450 Patent") and (2) contributory infringement of the '450 patent.

On February 12, 2008, Paid Search Engine Tools, LLC filed a similar action against Google, Inc. and Microsoft Corp. in the United States District Court for the Eastern District of Texas, Marshall Division entitled *Paid Search Engine Tools, LLC v. Google, Inc. and Microsoft Corporation* (C.A. 2:08-cv-061 (DF/CE)). The case was assigned to Judge Folsom and Magistrate Judge Everingham. In *PSET v. Google and Microsoft*, PSET asserts the following causes of action against Google and Microsoft: (1) infringement of U.S. Patent 7,043,450 ("'450 Patent") and (2) contributory infringement of the '450 Patent.

## ARGUMENT

Equity and judicial economy support the consolidation of these two cases. Under Fed. R. Civ. P. 42(a), a Court has the power to consolidate actions "involving common questions of law or fact." *See* Fed. R. Civ. P. 42(a); *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir.1984) ("The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under *Rule 42(a) of the Federal Rules of Civil Procedure*."). Courts have the "discretionary power" to consolidate cases if the cases are of "like nature and relative to the same question" to "avoid unnecessary cost and delay." *Mutual Life Ins. Co. of New York v. Hillmon*, 145 U.S. 285, 292 (1982); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir.1973) ("The stated purpose of Rule 42(a) is to 'avoid unnecessary costs or delay', and hence the decision to invoke the rule is entirely within the discretion of the district court as it seeks to promote the administration of justice"). The Fifth Circuit Court of Appeals has stated that "district judges are urged to make good use of Rule 42(a)" to "expedite the trial and eliminate unnecessary repetition and confusion." *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977).

*PSET v. Yahoo* and *PSET v. Google and Microsoft* involve the same Plaintiff and the same patent, and there is a complete overlap of the claims asserted by PSET to be infringed. In its P.R. 3-3 Invalidity Contentions, Google and Microsoft stated: "Each Defendant hereby also incorporates into its production all such documents produced by Yahoo! Inc. in *Paid Search Engine Tools, LLC v. Yahoo! Inc.*, Case No. 2:08-cv-00061-DF-CE (E.D. Tex.). Each Defendant reserves the right to rely on all such documents produced by other Defendant's and by Yahoo Inc." See, e.g., *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 596 (N.D. Tex 2003) (While the parties and accused devices may be different, many of the same patent claims are at issue, the same defenses are asserted by the defendants and the defendants in one case have indicated that they will rely on some of the same prior art as the defendants in the other cases to support their invalidity defense.) Therefore, as

to PSET's claims, both cases would involve identical discovery and experts. Combining the two actions would have no prejudicial effect on any of the parties and would conserve the resources of the Court and the parties.

Most compelling, however, is the issue of claim construction. Courts routinely transfer cases involving different parties but the same patent to a single judge to avoid the risk of inconsistent claim construction rulings. For example, in *DataTreasury Corp.*, a case filed in the Northern District of Texas, Dallas Division against two parties, was transferred to the Eastern District of Texas at Texarkana pursuant to 28 U.S.C. §1404(a) where three cases involving multiple parties were pending since each case involved the same patent. The Court observed that uniformity in claim construction was especially important in light of the Supreme Court's *Markman* decision.

> Having two different courts interpret the same patent claims would risk inconsistent claim construction rulings which, in turn, would promote uncertainty and impede the administration of justice.

*Id.* at 595-96.

A like conclusion was reached in *Logan v. Hormel Foods Corp.*, 2004 U.S. Dist. LEXIS 30327 (E.D. Tex. 2004) ("Besides being a duplicative use of scarce judicial resources, a second claim construction would risk inconsistent claim constructions, create greater uncertainty regarding the patent's scope, and impede the administration of justice."); *The Whistler Group, Inc. v. PNI Corp.*, 2003 U.S. Dist. 21968 at *14 (N.D. Tex. 2003) ("By permitting two different courts to interpret the same patent claims, there is a heightened risk of inconsistent rulings which, in turn, promotes uncertainty and impedes the administration of justice."); *MyMail, Ltd. v. America Online, Inc.* 223 F.R.D. 455, 458 (E.D. Tex. 2004); *Kraft Foods Holdings, Inc. v. Procter & Gamble Co.*, 2008 U.S. Dist. LEXIS 6042 (W.D. Wisc. 2008); and *Sun Pharmaceutical Indus. Ltd. v. Eli Lilly and Co.*, 2008 U.S. Dist. LEXIS 35206 (E.D. Mich. 2008).

Google and Microsoft will not be prejudiced by consolidation of *PSET v. Yahoo* with *PSET v. Google and Microsoft* and the adoption of the schedule in the latter matter because the scheduling order will remain unchanged as to them. Yahoo likewise will not be prejudiced. Directing the Court's attention to Exhibits 1 and 2, it will be seen that the trial dates are only one month apart. A trial date set in *PSET v. Yahoo* is September 7, 2010 and in *PSET v. Google and Microsoft* October 5, 2010, only one month later. Fact discovery in *PSET v. Yahoo* is set to close June 23, 2010 and only one month earlier on May 20, 2010 in *PSET v. Google and Microsoft*. There is little difference in the timing of the initial expert reports -- June 18, 2010 in *PSET v. Yahoo* and June 1, 2010 in *PSET v. Google and Microsoft*.

The only substantive difference in schedules of more than approximately one month is the timing of the Markman hearings. In *PSET v. Yahoo*, the Markman hearing is scheduled for May 26, 2010, while in *PSET v. Google and Microsoft* it is scheduled for February 10, 2010. However, the exchange of claim terms to be construed is scheduled for June 12, 2009 in *PSET v. Yahoo* and for June 26, 2009 in *PSET v. Google and Microsoft*. Joint pre-hearing statements are scheduled for October 16, 2009 in *PSET v. Yahoo* and for September 4, 2009 in *PSET v. Google and Microsoft*. Accordingly, there is little difference in the two schedules in this regard. Further, with the Markman hearing in *PSET v. Google and Microsoft* scheduled for February 10, 2010, there is ample time for Yahoo to prepare its Markman briefs. Accordingly, PSET submits a consolidation and adoption of the schedule in the *PSET v. Google and Microsoft* matter will not prejudice any of the defendants.

**CONCLUSION**

For the foregoing reasons, the Court should consolidate the instant action, *Paid Search Engine Tools, LLC v. Yahoo! Inc.* (C.A.No. 2:07-cv-403 (TJW)) with *Paid Search Engine Tools, LLC v. Google, Inc. and Microsoft Corporation* (C.A.No. 2:08-cv-061 (DF/CE)), currently before the Honorable David Folsom and Magistrate Judge Everingham of this Court. Furthermore, the Court should order that the schedule adopted by Magistrate Judge Everingham should apply to the consolidated actions.

Dated: March 11, 2009　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: /s/ Elizabeth L. DeRieux
　　　　　　　　　　　　　　　　　　　　　　S. Calvin Capshaw
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 03783900
　　　　　　　　　　　　　　　　　　　　　　Email: ccapshaw@capshawlaw.com
　　　　　　　　　　　　　　　　　　　　　　Elizabeth L. DeRieux
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 05770585
　　　　　　　　　　　　　　　　　　　　　　Email: ederieux@capshawlaw.com
　　　　　　　　　　　　　　　　　　　　　　N. Claire Abernathy
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24053063
　　　　　　　　　　　　　　　　　　　　　　Email: chenry@capshawlaw.com
　　　　　　　　　　　　　　　　　　　　　　Capshaw DeRieux, LLP
　　　　　　　　　　　　　　　　　　　　　　1127 Judson Road, Suite 220
　　　　　　　　　　　　　　　　　　　　　　Longview, Texas 75601
　　　　　　　　　　　　　　　　　　　　　　Telephone: (903) 236-9800
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (903) 236-8787

　　　　　　　　　　　　　　　　　　　　　　Robert M. Parker
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 15498000
　　　　　　　　　　　　　　　　　　　　　　Email: rmparker@pbatyler.com
　　　　　　　　　　　　　　　　　　　　　　Robert Christopher Bunt
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 00787165
　　　　　　　　　　　　　　　　　　　　　　Email: rcbunt@pbatyler.com
　　　　　　　　　　　　　　　　　　　　　　Charles Ainsworth
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 00783521
　　　　　　　　　　　　　　　　　　　　　　Email: charley@pbatyler.com
　　　　　　　　　　　　　　　　　　　　　　Parker, Bunt & Ainsworth, P.C.
　　　　　　　　　　　　　　　　　　　　　　100 East Ferguson, Suite 1114

Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687

J. Robert Chambers
(Admitted *pro hac vice*)
Email: bchambers@whepatent.com
Wood, Herron & Evans, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202-2917
Telephone: (513) 241-2324
Facsimile: (513) 241-5960

Gregory M. Utter
(Admitted *pro hac vice*)
Email: gutter@kmklaw.com
W. Jeffrey Sefton
(Admitted *pro hac vice*)
Email: jsefton@kmklaw.com
Keating, Muething & Klekamp, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Telephone: (513) 579-6400
Facsimile: (513) 579-6457

Of Counsel:
P. Andrew Blatt
Email: dblatt@whepatent.com
John Paul Davis
Email: jdavis@whepatent.com
Brett A. Schatz
Email: bschatz@whepatent.com
Wood, Heron & Evans, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202-2917
Telephone: (513) 241-2324
Facsimile: (513) 241-5960

**ATTORNEYS FOR PLAINTIFF,**
**PAID SEARCH ENGINE TOOLS, LLC**

## CERTIFICATE OF CONFERENCE

I certify that I have complied with the meet and confer requirement in Local Rule CV-7(H) and this motion is opposed.

/s/ J. Robert Chambers by permission ELD

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of March, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux